# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| KIMBERLY MARSHALL, ) | |
| ) | |
| Plaintiff, ) | No. 08 C 6793 |
| ) | |
| v. ) | Judge Ruben Castillo |
| ) | |
| CHICAGO POLICE OFFICERS ) | |
| JOEL BUCKLEY, EARL DIGBY, ) | |
| JENNIFER ELLIOT-HOLMES, and ) | |
| the CITY OF CHICAGO, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Kimberly Marshall ("Plaintiff") brings this 42 U.S.C. § 1983 action against Chicago Police Officers Joel Buckley ("Buckley"), Earl Digby ("Digby"), Jennifer Elliot-Holmes ("Elliot-Holmes") (collectively, "Defendant Officers") and the City of Chicago (the "City") (collectively, "Defendants"). (R. 19, First Am. Compl.) Plaintiff claims that she was deprived of her Fourteenth Amendment right to due process based on the principles set forth in *Brady v. Maryland*, 373 U.S. 83 (1963). (*Id.*) In addition, Plaintiff alleges a conspiracy claim and state law claims for intentional infliction of emotional distress ("IIED") and malicious prosecution. (*Id.*) Presently before the Court is Defendants' motion for summary judgment pursuant to Federal Rule of Civil Procedure 56(c). (R. 64, Defs.' Mot. for Summ. J. ("Defs.' Mot.").) For the reasons stated below, the motion for summary judgment is granted.

1

## RELEVANT FACTS[1]

Plaintiff is a 19-year veteran of the Chicago Police Department ("CPD"). (R. 66, Defs.' Facts ¶ 1.) On May 31, 2005, Plaintiff's son was involved in a car accident in Plaintiff's vehicle near 93rd and Burnside in Chicago, Illinois. (*Id.* ¶¶ 2, 5.) According to police reports, when Buckley and Elliott-Holmes attempted to arrest Plaintiff's son, Plaintiff "struck Officer Elliott[-Holmes] in the chest, and bit Officer Buckley on his wrist." (*Id.* ¶ 5.) Plaintiff was arrested and charged with two counts of battery and one count of obstructing a peace officer. (*Id.* ¶¶ 3, 6.) Digby was responsible for the paperwork for Plaintiff's alleged offenses, which were assigned a CPD Records Division ("RD") number of HL391117. (*Id.* ¶¶ 8-9.) In addition, Plaintiff's son was given several citations related to the car accident, which were assigned a RD number of HL391120. (*Id.* ¶¶ 7, 10.)

After returning to the 6th District Police Station from the scene of the accident and arrest, Sergeant James Kubik ("Kubik") requested an evidence technician and Technician Peter Campbell ("Campbell") came to the station and took a number of photographs of Buckley. (*Id.* ¶¶ 12-13, 15.) In addition, Campbell traveled to Little Company of Mary Hospital and took photographs of Plaintiff. (*Id.* ¶¶ 19-20.) The negatives from the photographs that Campbell took were erroneously filed under RD number HL391120. (*Id.* ¶ 24.) Campbell obtained the RD number to which he was to file the negatives from a CPD dispatch operator. (*Id.* ¶ 25.) The Defendant Officers did not tell Campbell under which RD number he was to process the photos

---

[1] The Court takes the undisputed facts from the parties' Local Rule 56.1 Statements. (R. 66, Defs.' Local Rule 56.1 Statement of Material Facts ("Defs.' Facts"); R. 71, Pl.'s Local Rule 56.1 Statement of Material Facts ("Pl.'s Facts").)

2

or to place the pictures he took under the incorrect RD number.[2] (*Id.* ¶¶ 48, 51-54.)

Following the initiation of criminal charges against Plaintiff, her defense counsel issued numerous subpoenas requesting Plaintiff's entire complaint register file, all photographs related to RD HL31117, and all photographs related to her arrest near 93rd and Burnside on May 31, 2005. (R. 71, Pl.'s Facts ¶ 24.) On January 23, 2006, the Cook County State's Attorney's Office responded with a letter to Plaintiff's counsel that included a copy of a request for photos and video processed by the CPD's Forensic Services Unit. (R. 66, Defs.' Facts ¶ 36.) The request indicated that there was "NO RECORD ON FILE" for photographs under RD number HL391117. (*Id.* ¶ 37.) On January 31, 2006, Plaintiff's counsel subpoenaed Campbell to appear in court on February 8, 2006, and produce the photographs that he had taken on May 31, 2005. (*Id.* ¶ 29.) However, when Campbell appeared in Court, he told Plaintiff's counsel that he did not handle production of the photographs and that they would have to be requested through the CPD. (*Id.* ¶¶ 30-31.)

On April 10, 2007, Plaintiff proceeded to trial before a jury in the Circuit Court of Cook County without the photographs taken on May 31, 2005, available as evidence. (*Id.* ¶¶ 43, 57.) Buckley testified that Plaintiff "sunk her teeth into [his] wrist" and that he had to "shove her face" to get her off. (R. 71, Pl.'s Facts ¶ 26.) Further, Elliot-Holmes testified that she observed an "injury" on Buckley's left hand, which she described as having "teeth marks, bruising, swelling, [and] redness." (*Id.* ¶ 27.) Plaintiff testified that she sustained injuries from Buckley during the incident. (R. 66, Defs.' Facts ¶ 36.) In addition, witnesses Jewel Walsh and Cynthia Smith also testified about Plaintiff's injuries. (*Id.* ¶¶ 62-63.) Digby, however, testified that

---

[2] The Defendant Officers did not see the pictures that Campbell took of Plaintiff prior to the filing of this lawsuit. (*Id.* at ¶ 28.)

Plaintiff did not have any physical injuries. (R. 71, Pl.'s Facts ¶¶ 30-31.)

On April 12, 2007, Plaintiff was found not guilty of battery on Buckley, but guilty of battery on Elliott-Holmes and the obstruction charge. (R. 66, Defs.' Facts ¶¶ 67-70.) In May 2007, Plaintiff's counsel filed a motion for a new trial arguing that Plaintiff was denied her right to a fair trial. (R. 71, Pl.'s Facts, Ex. 40, Mot. for New Trial.) The motion indicated that on May 3, 2007, the May 31, 2005 photographs taken by Campbell were presented to Plaintiff by the CPD Office of Professional Standards. (*Id.*) The motion stated that Plaintiff believed these photographs were "essential to her defense" and "intentionally withheld" prior to trial. (*Id.*) On November 27, 2007, Plaintiff's motion for a new trial was before the Circuit Court of Cook County. (*Id.*, Ex. 38, Nov. 27, 2007 Tr.) At that time, however, the Cook County State's Attorney moved to dismiss the charges against Plaintiff pursuant to a *nolle prosequi*. (*Id.*) The motion was granted and the April 12, 2007 verdict was vacated. (*Id.*)

On February 23, 2009, the Superintendent of Police filed charges against Plaintiff with the Police Board of the City of Chicago ("Police Board") recommending that she be discharged for various Rules of Conduct violations related to the events of May 31, 2005. (R. 66, Defs.' Facts ¶ 71; Defs.' App., Ex. 31.) Beginning October 8, 2009, Plaintiff's case was heard before a Hearing Officer and reviewed by the Police Board. (R. 66, Defs.' Facts ¶ 76; R. 67, Def.'s App., Exs. 10-12.) On November 19, 2009, the Police Board found Plaintiff guilty of the charges and dismissed her from her position with the CPD. (R. 71, Pl.'s Facts ¶ 1.)

## PROCEDURAL HISTORY

In November 2008, Plaintiff filed a *pro se* complaint against Defendants. (R. 1, Compl.) She subsequently obtained counsel and, on April 7, 2009, amended her complaint. (R. 12, Attorney Appearance; R. 19, First Am. Compl.) The complaint raises five claims: Count I alleges that Defendants engaged in a conspiracy to deprive Plaintiff of her federal constitutional rights; Count II alleges a state law claim for IIED; Count III alleges a claim for malicious prosecution against Buckley and Elliott-Holmes; Count IV alleges a Fourteenth Amendment due process claim against the Defendant Officers; and Count V alleges an indemnity claim against the City. (*Id.*)

On June 4, 2009, Defendants moved to dismiss. (R. 32, Defs.' Mot. to Dismiss.) This Court issued a Memorandum Opinion and Order on August 13, 2009, granting, in part, and denying, in part, Defendants' motion. *See Marshall v. Buckley*, 644 F. Supp. 2d 1075 (N.D. Ill. 2009). The Court dismissed Count I to the extent that it was premised on First, Fourth, Fifth, Sixth, and Eighth Amendment violations, but denied the motion with respect to the Fourteenth Amendment *Brady* claim. *Id.* at 1084. In addition, Count IV was dismissed to the extent that it was "based on writing false police reports, writing false complaints, providing false testimony, and causing retaliatory disciplinary action to be filed," but denied with respect to Plaintiff's Fourth Amendment *Brady* claim pertaining to the suppression of evidence at trial.[3] *Id.*

On January 29, 2010, Defendants moved for summary judgment. (R. 64, Defs.' Mot.) Defendants argue that they are entitled to summary judgment because "[t]he record contains no

---

[3] The Court also clarified that Count III was a state law malicious prosecution claim and struck Plaintiff's assertion that it was brought under 42 U.S.C. § 1983. *Id.* at 1083-84.

5

factual support" for Plaintiff's Fourteenth Amendment claim and the state law claims are time barred.[4] (R. 65, Defs.' Mem. at 2-11.) In addition, Defendants argue that as a result of the Police Board's November 2009 findings, all of Plaintiff's claims are barred by "issue preclusion." (*Id.* at 12-15.)

## LEGAL STANDARDS

Summary judgment is appropriate when the record, viewed in the light most favorable to the non-moving party, reveals that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). "A disputed fact is 'material' if it might affect the outcome of the suit under the governing law." *Hampton v. Ford Motor Co.*, 561 F.3d 709, 713 (7th Cir. 2009). In resolving a motion for summary judgment, the Court draws all reasonable inferences and resolves all factual disputes in the non-moving party's favor. *Knight v. Wiseman*, 590 F.3d 458, 462 (7th Cir. 2009).

The moving party has the initial burden of demonstrating that it is entitled to summary judgment. *Wheeler v. Lawson*, 539 F.3d 629, 634 (7th Cir. 2008). Once a moving party has met this burden, the non-moving party must "set out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e). "The existence of a mere scintilla of evidence, however, is insufficient to fulfill this requirement. The non-moving party must show that there is evidence upon which a jury reasonably could find for the plaintiff." *Wheeler*, 539 F.3d at 634.

---

[4] Defendants also argue that summary judgment is required with regard to the malicious prosecution claim because Plaintiff "cannot sustain her burden of establishing that the *nolle prosequi* was entered because of her innocence of the criminal charges." (R. 65, Defs.' Summ. J. Mem. ("Defs.' Mem.") at 12.)

6

## ANALYSIS

### I. Federal Claims

Defendants first argue that "[t]he record contains no factual support" for Plaintiff's Fourteenth Amendment *Brady* claim. (R. 65, Defs.' Mem. at 2.) In *Brady*, the Supreme Court held that the right to due process and a fair trial requires a prosecutor to turn over all potentially exculpatory evidence to the defense. 373 U.S. at 87. This obligation extends to police officers, "as they must turn over potentially exculpatory evidence when they turn over investigative files to the prosecution." *Harris v. Kuba*, 486 F.3d 1010, 1014 (7th Cir. 2007).

To establish the elements of a *Brady* type due process claim, a plaintiff must show that "(1) the evidence at issue is favorable to the accused, either because it was exculpatory or impeaching; (2) the evidence was suppressed by the government, either willfully or inadvertently; and (3) there is a reasonable probability that prejudice ensued . . . ." *Carvajal v. Dominguez*, 542 F.3d 561, 566-67 (7th Cir. 2008). Moreover, when bringing a claim under Section 1983, the plaintiff "must prove that the defendant personally participated in or caused the unconstitutional actions." *Grieveson v. Anderson*, 583 F.3d 763, 776 (7th Cir. 2008) (citations omitted). This personal-involvement requirement is satisfied when an official deliberately disregards the plaintiff's constitutional rights. *See Fillmore v. Page*, 358 F.3d 496, 506 (7th Cir. 2004).

Defendants argue that there is no evidence that the Defendant Officers "had any involvement whatsoever in the ordering, taking, filing, or processing" of the photos taken by Campbell on May 31, 2005 or that they took "any action to render the photos unavailable." (R. 65, Defs.' Mem. at 3.) Plaintiff, however, claims that there is sufficient evidence from which a

trier of fact could conclude that the Defendant Officers were personally involved in "conspiring to hide, and successfully hiding the pictures." (R. 73, Pl.'s Resp. at 10.) Specifically, Plaintiff creates a list of thirty-two facts which she claims illustrate that the Defendant Officers conspired to deprive her of a fair trial.[5] (*Id.* at 8-10.) The list includes facts that the Defendant Officers knew Plaintiff, "had previous run-ins with her," "lied at [Plaintiff]'s criminal trial,"[6] and that there were "different versions" of some of the Defendant Officer's reports.[7] (*Id.*)

Although direct participation is not necessary to establish personal involvement, the plaintiff must show that the defendant "acquiesced in some demonstrable way in the alleged constitutional violation." *Palmer v. Marion County*, 327 F.3d 588, 594 (7th Cir. 2003). There is no evidence, however, that the Defendant Officers acquiesced in the misfiling of the photos, let alone that they were involved in "hiding" them as Plaintiff suggests. (*See* R. 73, Pl.'s Resp. at 10.) To begin, Plaintiff concedes that the Defendant Officers did not tell Campbell under which RD number he was to process the photos. (R. 72, Pl.'s Resp. to Defs.' Facts ¶ 48.) Plaintiff also

---

[5] The Court notes that Plaintiff did not strictly adhere to Local Rule 56.1(b)(3)(B) which requires that every denial in response to a parties' Rule 56.1 Statement include "specific references to the affidavits, parts of the record, and other supporting materials relied upon." L.R. 56.1(b)(3)(B). Instead of including such denials in her Rule 56.1 Statement, Plaintiff included a list of facts in her response brief, which she argues illustrate that "Defendants conspired with themselves and others to hide the photos." (R. 73, Pl.'s Resp. at 8-10; R. 72, Pl.'s Resp. to Defs.' Facts ¶¶ 45, 47, 50.) "[T]he district court has the discretion to enforce [Rule 56.1] strictly or somewhat leniently." *Trade Fin. Partners, L.L.C v. AAR Corp.*, 573 F.3d 401, 409 (7th Cir. 2009) (quoting *O'Regan v. Arbitration Forums, Inc.*, 246 F.3d 975, 987 (7th Cir. 2001)). Accordingly, in an exercise of its discretion, the Court will overlook Plaintiff's transgression and determine if any of the thirty-two listed facts prevent summary judgment.

[6] Plaintiff refers to Buckley and Elliot-Holmes' testimony about Plaintiff biting Buckley and Digby's testimony that Plaintiff did not have any injuries as "lies." (*Id.* at 9.)

[7] Plaintiff's list also includes facts which are not supported by the record and that are irrelevant to the current inquiry. (*See id.* at 9-10; R. 71, Defs.' Reply at 2-3.)

8

admits that the Defendant Officers did not tell Campbell to "hide," "destroy," or "put the pictures he took under the incorrect RD number." (*Id.* ¶¶ 48, 51-54.) Further, the evidence indicates that the Defendant Officers did not see the pictures that Campbell took of Plaintiff prior to the filing of this lawsuit. (*Id.* at ¶ 28.)

Plaintiff has not put forth evidence to show that the Defendant Officers were personally involved in the suppression of the May 31, 2005 photographs during Plaintiff's criminal trial. *See Gunville v. Walker*, 583 F.3d 979 (7th Cir. 2009) ("In order to draw an inference in favor of the a nonmoving party, there must be some evidence from which to draw the inference."). Therefore, Defendants are entitled to summary judgment on the *Brady* claim. *See Hill v. City of Chicago*, No. 06C6772, 2009 U.S. Dist. LEXIS 5951, *14-15 (N.D. Ill. 2009) (plaintiff failed to create a genuine issue of material fact when he "failed to point to evidence showing that any of the [defendants] individually caused or participated in the deprivation of his *Brady* rights"). In addition, because Plaintiff cannot establish an underlying constitutional violation, Defendants are also entitled to summary judgment on the conspiracy claim. *See Smith v. Gomez*, 550 F.3d 613, 617 (7th Cir. 2008) ("conspiracy is not an independent basis of liability in § 1983 actions").[8]

## II. State Claims

Because this Court has granted summary judgment on Plaintiff's federal claims, there are no claims remaining over which we have original jurisdiction. Although Plaintiff's state law claims for IIED and malicious prosecution remain, the Court declines to exercise its supplemental jurisdiction and will dismiss these remaining claims. 28 U.S.C. § 1367(c)(3); *see*

---

[8] The Court need not consider the other arguments raised in Defendants' motion for summary judgment. (*See* R. 65, Defs.' Mem.)

*also Hansen v. Bd. of Trustees*, 551 F.3d 599, 608 (7th Cir. 2008) ("When all federal claims have been dismissed prior to trial, the principle of comity encourages federal courts to relinquish supplemental jurisdiction . . . ."). This dismissal, however, is without prejudice to the refiling of the claims in state court if Plaintiff so chooses. *See* 28 U.S.C. § 1367(d) (which explicitly tolls the statute of limitations during the pendency of the federal action and for thirty days after dismissal of the supplemental claim to allow the plaintiff to re-file in state court).

## CONCLUSION

For the reasons set forth above, Defendants' motion for summary judgment (R. 64) is GRANTED. The clerk of the Court is directed to enter judgment in favor of Defendants and against Plaintiff. The pending trial date of April 12, 2010 is hereby vacated.

Entered:  /s/ Ruben Castillo

Judge Ruben Castillo
United States District Court

Dated: **March 19, 2010**